[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The parties were married in Ridgewood, New Jersey on July 23, 1966. The wife's maiden name was Conti. Both of the parties had been long term residents of the state of Connecticut and the wife has resided in the State of Connecticut for at least twelve months next preceding the date of the filing of the complaint. There are two children issue of the marriage, both of which have attained majority. The State of Connecticut is not contributing to the support of either of the parties.
This is a lengthy marriage. Were this case to have been tried years ago, the result would have been dramatically different for both of the parties. The parties lived in Greenwich in a house that was sold for $2,667,500 in April of 1991. They netted out of that sale, a total amount of $69,000 approximately. The husband earned in excess of $600,000 for the years 1988 and 1989 as shown on his income tax return being Exhibits 3 and 4.
That was then and this is now. Life has changed dramatically for the parties. The husband presently is unemployed and the wife is self employed making a gross of approximately $139.00 per week. The husband shows on his current financial affidavit debt in excess of $5,300,000.00. His last employment grossed him annually $72,000 per year. He was terminated recently from that job. Although there was an attempt by the wife to establish that he had money hidden otherwise then is shown on his financial affidavit, this court finds that she has not sustained that burden of proof.
It is also clear to this court after having listened to the parties and observed their demeanor and listened to their testimony that the marriage has broken down irretrievably. This court is not CT Page 2 able to assign to either party fault as a cause of the break down of the marriage. It was a gradual process caused by their personalities and their dramatic change of economic conditions. From living in Greenwich and having a summer house in Sagg Harbour directly on the water, to both of the parties living in rented apartments has caused dramatic upheavals in their lives.
It is clear that the wife was the executrix and the trustee under the will of Albert Elbert Thomas Little, Jr. of Chatam County in Georgia. He apparently died of an agent orange related disease. It is clear that monies were to be under her control. It is clear that the husband borrowed one hundred thousand dollars from the Estate. This was evidenced on a promissory note dated July 15, 1982 as shown on exhibit 26. It is also clear from exhibits 39, 40, 41, and 42 that the principal has been repaid. What is due presently is the interest. The amount due as of December, 1992 based on exhibit 41 is $86,776.77. Although the wife did not sign the promissory note and it is clearly the obligation of the husband (the husband admits that he is responsible and will hold the wife harmless) the wife certainly has contingent liability if this money is not paid. She apparently already recognizes that liability since she has advanced funds received by her from other family sources in the sum of $7,500 to fulfill the tuition needs of the beneficiaries of the trust.
The wife is age 48 and the husband is age 52. Both of the parties are college educated. The husband graduated from Notre Dame University in 1963 with a degree in Chemistry and received an MBA from the University of Connecticut 1970. The wife's undergraduate education was at Boston University. She received a Masters in Reading at the University of Bridgeport in 1970 approximately and in approximately 1980 received a sixth year degree. She is now working on her Doctoral Dissertation. She has completed all the course work. She anticipates she will need two more years to complete this work. She is presently not certified to teach in Connecticut. She has been doing tutoring and other like jobs to earn money.
On June 23, 1992 Judge Coppeto entered orders of $1,950 per month as alimony plus $92 a month for the wife's medical coverage which was a total order of $2,042. At the time that order was entered the husband was making $66,000 per year based on his affidavit on file dated March 27, 1992. Thereafter he earned $72,000 on an annualized basis. CT Page 3
The court finds that the husband has earning capacity in the sum of $72,000 per year. This court finds that based on $72,000 per year a fair amount to pay to the wife as permanent alimony would be the sum $24,000 per year until she dies, remarries or cohabits under the Statute. This court finds that under 46b-82
this court has the power to order alimony to be paid. This $24,000 number equates to one-third of his gross income. Accordingly the court orders that the husband pay to the wife once he becomes employed one-third of his gross income up to $72,000. If he makes in excess of $72,000 the wife may petition the court for further relief if she deems it appropriate. In the meantime, while the husband is unemployed, his alimony obligation is suspended except that he is to pay her $1.00 per year.
The court listened to the witnesses in this case and reviewed all the exhibits. In addition the court has taken into consideration all the statutory criteria set forth in 46b-81 the assignment of property and transfer of title statute, 46b-82 the alimony statute, and 46b-62 the attorneys fees statute. In addition the court has considered all of the evidence introduced in this case, reviewed their financial affidavits, and has listened to the arguments of counsel and reviewed their extensive claims for relief in rendering this decision.
Accordingly, the court orders as follows:
1. FINANCIAL DISCLOSURE
Until such time as the husband retains full-time employment the husband shall file with the Superior court for the State of Connecticut on or before the 5th day of each and every month, a written statement signed under oath before a notary or other competent authority as designated by the state law of the state in which he resides, a statement setting forth the following information:
(1) His place of residence (not his post office mailing address)
(2) His gross income received for the previous month; amounts and sources
(3) His job search activities, including names of companies, businesses or the like, where he has applied in writing or in person for employment. CT Page 4
2. ALIMONY
1. The husband shall pay to the wife once he becomes employed 33% of his gross income up to $72,000 all as set forth above. Said payments to be paid weekly on the day after the husband receives his pay check. The husband shall be obligated to provide the wife a signed written statement quarterly on April 15, June 15, September 15, and January 15 setting forth his gross income. At the time his husband files his tax returns he shall file a copy with his wife which includes all W-2's, 1099's, Federal and State Income Tax returns K1's and any corporate tax returns for which corporation he owns greater than 10% interest.
A wage execution may issue.
3. INDEMNIFICATION FOR ESTATE OF ELBERT T. LITTLE, JR.
The husband is obligated to the Estate of Elbert T. Little, Jr., its successors and assigns in the approximate amount of $86,776, which amount is accruing interest at the rate of 4% on the unpaid balance, and he shall pay the same.
The husband shall specifically indemnify and hold the wife harmless from any and all obligation to the Estate and from any and all liability arising from said obligation, including attorneys fees and accountants fees.
In the event the wife made or makes any payments as of January 1, 1992, to the Estate on behalf of the husband's obligation, those payments shall be a debt payable form the husband to the wife.
The husband shall be obligated to pay to the wife any and all monies she pays to the Estate of Elbert T. Little, Jr., and that this obligation of the husband shall be deemed a further alimony obligation of the husband, non-dischargeable in bankruptcy and that the wife retains the right to obtain an order from the Superior Court for the payment of said monies from the husband to her. Said alimony payments made pursuant to this paragraph shall be non-taxable to the wife and non-deductible to the husband.
Any and all proceeds received from the sale, foreclosure, or other disposition of the Sag Harbor property payable to either the husband or the wife, shall be paid to the Estate of Elbert T. Little, Jr., towards the husband's obligation to said Estate. This CT Page 5 paragraph award is in the nature of alimony under Section 523(a)(5)(B) of the Bankruptcy Code and shall not be dischargeable in bankruptcy.
4. LIFE INSURANCE
The court recognizes that the husband presently does not have any life insurance on his life. The husband is ordered to carry life insurance if it is available to him as incident of his employment even if there is cost to him. Said insurance to be in the amount of $200,000 or whatever lesser amount is available. He is to use his best efforts to obtain $200,000.00.
5. DEBTS
The husband shall be responsible for all the debts shown on his financial affidavit totaling $5,302,267. Since the husband was the primary income earner during the course of the marriage and that for the two years he made $600,000 he paid no taxes, he is ordered to hold his wife harmless from any income tax deficiency assessments claims or the like which are made by any governmental agencies whether it be State or Federal. Since the husband was the owner of record at the time the house was sold this court does not address the capital gains tax indemnity for the wife since there is none.
6. ATTORNEY'S FEES
Although, the wife's claims for attorneys fees are fair and reasonable all as set forth on the affidavit dated December 4, 1992 showing the amount due as of December 4th of $11,375.10 the court finds that the husband does not have the financial ability to pay said amount. The $500 previously ordered is ordered to be paid by the husband to the wife commencing in weekly payments of $100 one month after he gets employed, in addition to the previous payments ordered.
7. PERSONAL PROPERTY
All of the household furniture and furnishings in the possession of or in control of the wife shall be her sole and exclusive property. All of the household furniture and furnishings of the parties from the Greenwich home in possession or control of the husband shall be his sole and exclusive property. CT Page 6
8. The marriage is dissolved on the grounds of irretrievable breakdown.
9. ALL OTHER CLAIMS
All other claims for relief requested by the parties, not expressly addressed herein have been rejected by the court.
KARAZIN, J